STATE OF IOWA, Appellee, v. WM. TATE et al., Appellants.

CRIMINAL LAW: Appeal—Want of Interest in Appellant—Dismissal. One who has no interest in a controversy cannot maintain an appeal.

PRINCIPLE APPLIED: Defendants were convicted of maintaining a liquor nuisance. The court assessed a fine and costs

*and ordered the building closed for one year.* Defendants did not own any interest in the building. Defendants paid the fine and costs and appealed. *Held,* since they had no interest in the building, defendants' appeal would be dismissed.

*Appeal from Wapello District Court.*—HON. D. M. ANDERSON, Judge.

### WEDNESDAY, OCTOBER 20, 1915.

JACK WHITE was indicted for maintaining a liquor nuisance in a certain building in the city of Ottumwa and pleaded guilty. Thereupon, a fine of $300 was assessed against him, carrying costs, including attorney fees, and a writ of abatement issued, directing the sheriff, among other things, to effectually close the building one year. White appeals. Thomas Tate and Joe Link were indicted, pleaded guilty and were fined, and a writ of abatement also issued against the premises in which they were maintaining the nuisance. Both Tate and Link appeal.—*Dismissed.*

*George Cosson,* Attorney General, and *John Fletcher,* Assistant Attorney General, for appellee.

*Jaques & Jaques,* for appellants.

LADD, J.—The two cases are submitted together. White was convicted under one indictment and Tate and Link under another, each alleging the maintenance of a liquor nuisance in a certain building; and in each case a writ

CRIMINAL LAW: appeal: want of interest in appellant: dismissal.

of abatement was issued, ordering the sheriff to securely close the building for one year. The parties stipulated that none of them owned any interest in the premises described and that the fines and costs had been paid. Manifestly, then, defendants are in no manner concerned in whether the buildings are securely closed or not; and, as they have no interest in the controversy, their appeal should be and is—*Dismissed.*

DEEMER, C. J., GAYNOR and SALINGER, JJ., concur.